## John P. Gilson *vs.* Nathan Fisk.

Where A, finding the sheep of B in A's close, drove them out of the close and then drove them away to a considerable distance, to the injury of B—it was *held*, that the driving of the sheep away was a wrongful act, which made A a trespasser, *ab initio*, and amounted to a conversion of the property ; but that B might waive the trespass and conversion, and recover for the damage sustained, in a special action on the case.

This was an action upon the case. The declaration alleged, that whereas, on the 22d July, 1834, a flock of sheep, the property of the plaintiff, were in a certain close of the defendant, in Dunstable, and the defendant drove the said sheep from his close aforesaid, the defendant wrongfully and injuriously, and intending to injure the plaintiff, continued to drive and did drive the said sheep to a great distance, to wit., a distance of three miles, and away from the habitation of the plaintiff, in consequence of which eight sheep were

lost, and the plaintiff put to great trouble and expense in looking for the same.

The cause was tried upon the general issue, at September term, 1835, and a verdict returned in favor of the plaintiff.

*Farley*, for the defendant, moved in arrest of judgment, on the ground that upon the facts stated in the declaration, the action should have been trespass, and not case.

*C. G. Atherton*, for the plaintiff.

RICHARDSON, C. J., delivered the opinion of the court.

The question to be decided in this case is, whether an action upon the case can be maintained upon the facts stated in the declaration?

It is alleged by the plaintiff that the sheep were in the close of the defendant, and that the latter drove them out. *Prima facie*, when the sheep of one man are in the close of another, the owner of the close has a right to drive them out. We must, therefore, understand in this case, that when the defendant drove the sheep from his pasture, he was exercising a license which the law allowed. But it is farther alleged, that having driven the sheep from the pasture, the defendant undertook to drive them away to a great distance. This, in our opinion, was an abuse of the license by law allowed, which made him a trespasser, *ab initio*. When one hires a horse to go an agreed distance, and goes beyond that distance, he is liable in trover for an unlawful conversion of the horse. 5 *Mass. R.* 104, *Wheelock* vs. *Wheelwright*. And an act which if done in abuse of an authority given by an individual, amounts to a conversion, will, when done in abuse of an authority given by law, make the party a trespasser *ab initio*.

An action of trespass might, then, have been maintained upon the facts stated in the declaration. But this does not settle the question we are now considering.

Gilson
vs.
Fisk.

It has long been a well settled principle, that in many cases where trespass will lie, the injured party may waive the trespass, and bring trover. *Cro. Eliz.* 824, *Bishop* vs. *Viscountess Montague.*

And it is now decided, and the decision rests on the most satisfactory grounds, that in cases where either trespass or trover might be maintained, the injured party may, if he so choose, waive both the trespass and the conversion, and recover for any damages he may have sustained, in a special action on the case. 1 *B. & C.* 145, *Branscomb* vs. *Bridges;* 9 *East* 298, *Phillips* vs. *Bacon;* 2 *Neville & Manning* 114, *Smith* vs. *Goodwin.*

We entertain no doubt that this principle may with great propriety be applied to the case now before us, and are of opinion that the motion in arrest of judgment must be overruled.

*Judgment on the verdict.*